FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHARON DUCKETT,          )
                         )
       Plaintiff,        )
                         )
v.                       )     Civil Action No.: 1:19-cv-00635 (UNA)
                         )
U.S. DEPARTMENT OF EDUCATION, )
                         )
       Defendant.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Washington D.C., sues the U.S. Department of Education. She alleges that she attended Medtech College from June 2013 through February 2014. She further states that Medtech was eventually shut down in 2016 based on defendant's investigation and determinations of the school's fraudulent activity. Plaintiff claims that "[i]n[] March 2018, $3,856.00 was taken from my taxes." She requests that she be refunded this $3,856 and for "future payments to be dismissed." No other factual information or details are provided regarding these circumstances by which to draw any context. It is unclear what responsibility, if any, this particular defendant has regarding plaintiff's tax assessment.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

1

only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise any federal question. She also fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: April 16, 2019

United States District Judge